By the Court.—O’Gorman, J.
After some preliminary litigation of this action, not necessary to be now considered, a verdict was, on June 9,1879, rendered herein by a jury in favor of the plaintiff on trial of an issue of fact establishing the plaintiff’s title to a certain lot of land in 120th street in the city New York, subject to the opinion of this court at general term. Afterwards on December 30, 1880, the general term ordered judgment in favor of the plaintiff for the recovery of the said lot and for costs. The mayor, etc., of New York appealed therefrom to the court of appeals ; and the court of appeals, on or about the 15th of December, 1882, reversed said judgment, and ordered that the plaintiff’s complaint be dismissed *182 with costs. On the 3d day of January, 1883, the judgment of the court of appeals was made the judgment of this court.
The plaintiff gave notice of a motion to be heard at the special term of this court on January 18,1883, for an order vacating the said judgment and for a new trial of the action, under section 1525 of the Code of Civil Procedure. The mayor, etc., also noticed a motion to be heard at special term on the same day, for an order that said judgment of the court of appeals, and also the judgment of this court entered thereon, should be amended, so as to award to the defendant, the mayor, etc., restitution of the premises. These motions were heard together, and on the 21st day of February, 1883, an order of the special term was entered (Ingraham, J.), that a writ of possession issue to the sheriff, etc., directing the delivery to the defendants, the mayor, etc. of the possession of said 'premises. From this order the plaintiff has appealed.
The plaintiff argues that on the judgment of this court, as it now stands, there is no authority for such an order, because the judgment as entered does not in terms provide for the issuing of a writ of possession. The only claim which plaintiff can set up to the right of possession of the lot in question, depends oh the judgment in his favor obtained on and before June 9, 1879, and the judgment of the general term of December 30, 1880, affirming the same. But these judgments were reversed by the court of appeals on December 15,1882, and thereupon ceased to have any force or vitality. The case stood as if they had never existed.
If it had been in terms provided in the judgment of the court of appeals, that the defendants, the mayor, etc., should recover possession of the lot, and that a writ of possession should issue against the plaintiff therefor, no question as to the propriety of that step by this court could well have arisen. But notwithstanding the absence of these words in the judgment, the power to issue the writ of possession, is a consequence of the judgment, and existed, in *183 my opinion, in the special term, in order to carry out the necessary logical effect of the judgment, and revder it effectual.
The order of February 21,1883, directing the issue of a writ of possession of the premises in question, to the mayor, etc., as landlord of the defendant Darcy, appealed from by the plaintiff, is, therefore, affirmed, without costs.
As to -the order of the special term, granting a new trial, that question was disposed of by the decision of this court made on May 9, 1883.
Sedgwick, Ch. J., and Freedman, J., concurred.